# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SHAWN NOELL HOLLIDAY, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

VERSUS

THE LOUISIANA OFFICE OF MOTOR VEHICLES, THROUGH KAREN ST. GERMAIN, IN HER OFFICIAL CAPACITY AS THE COMMISSIONER OF THE LOUISIANA OFFICE OF MOTOR VEHICLES, THE LOUISIANA DEPARTMENT OF JUSTICE ATTORNEY GENERAL'S OFFICE, THROUGH JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS LOUISIANA ATTORNEY GENERAL, THE LOUISIANA DEPARTMENT OF REVENUE, THROUGH KIMBERLY L. ROBINSON, IN HER CAPACITY AS THE SECRETARY OF THE LOUISIANA DEPARTMENT OF REVENUE, THE LOUISIANA OFFICE OF DEBT RECOVERY, A COOPERATIVE ENDEAVOUR BETWEEN THE LOUISIANA DEPARTMENT OF REVENUE AND THE LOUISIANA ATTORNEY GENERAL'S OFFICE, THROUGH KIMBERLY L. ROBINSON, IN HER OFFICIAL CAPACITY AS THE SECRETARY OF THE LOUISIANA DEPARTMENT OF REVENUE AND JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS THE LOUISIANA ATTORNEY GENERAL

NO.   2024 CW 0131

**MAY 21, 2024**

---

In Re:   Louisiana Office of Motor Vehicles through Karen St. Germain, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 652347.

---

**BEFORE:   McCLENDON, HESTER, AND MILLER, JJ.**

**WRIT GRANTED WITH ORDER.**   The trial court's February 1, 2024 judgment denying the exception of no cause of action and deferring as moot the exception of lack of subject matter jurisdiction, filed by the defendant, the Louisiana Office of Motor Vehicles, is vacated.   The trial court should first rule on the exception of lack of subject matter jurisdiction before ruling on any other exceptions.   Accordingly, this matter is remanded to the trial court with instructions to rule on the exception of lack of subject matter jurisdiction, and if necessary following that ruling, the exception of no cause of action.

PMc
CHH
SMM

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT